NO. 01-15-00036-CV

IN THE
FIRST COURT OF APPEALS
AT HOUSTON

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

DEC 28 2015

CHRISTOPHER A. PRINE
CLERK

RUSSELL HAM

APPELLANT

V.

WILLIAM STEPHENS, ET AL

APPELLEE

APPELLED FROM THE FIRSTCOURT OF APPEALS
HARRIS COURTY. TEXAS

APPELLANT" MOTION FOR REHEARING

Russell Ham, Pro se
TDCJ-#1104449
Polunskv Unit
3872 FM 350 South
Livingston, Tx 77351

ORAL ARGUMENT WAIVED

# TABLE OF CONTENTS

Table of Contents                                                    1

Issues Presented for Review:                                         2

Issue One: Did the  court properly dismiss Appellant's
            suit as frivolous under Texas Civil Practice
            &Remedies Code §14.003(a)(2),(b)(1)

Statement of Facts                                                 3-4

Argument                                                           5-7

Prayer                                                               8

Certificate of Service                                               9

Unsworn Declaration                                                 10

NO.01-15-00036-CV

Russell Ham

Appellant,


v.


William Stephens,ET,AL

Appellee.


Appellant Russell Ham's Motion for Rehearing

Appellant,Russell Ham,submits this motion for rehearing in response to the opinion issued by the Court on October 15,2015 and requests that the Court consider the following issues:


Issues Presented for Review

Issue1: Did the Court Properly Dismiss Appellant's suit as Frivolous under Texas Civil Practice&Remedies Code§14.003(a)(2)

(b)(1)

# FACTS

On April 13,2014 at the Allan B Polunsky Unit.Polk County,Texas went on lockdown status

On April 14,2014 Russell Ham went to 19 building gym to be shook down.

Robin Sullivan was in 19 building gym as part of the shakedown crew.

Upon arrival from 19 building z-pod entering the gym and getting into line.defendant began yelling for the inmates to get there property packed in the red crates.

Upon Russell Ham's turn at Robin Sullivan's table,as Russell Ham was putting RussellHam's property on the table,Robin Sullivan threatened to throw Russell Ham's property in the trash if Russell Ham didn't hurry up.

As to the claim to paragraph 9,Russell Ham told Robin Sullivan if Robin Sullivan threw any of Russell Ham's property away he wanted confiscation papers and if Robin Sullivan failed to give Russell Ham confiscation papers Russell Ham would write a grievance on Robin Sullivan.

Robin Sullivan threatened to write Russell Ham a case if Russell Ham wrote a grievance on Robin Sullivan.

Robin Sullivan took Russell Ham's Holy Bible,3 Dungeon and Dragon books,as well as 26 other books belonging to Russell Ham.That if Russell Ham had a problem to use the grievance process and see what happens.

Robin Sullivan,took Russell Ham's photo album,which included all of Russell Ham's personal and family pictures Russell Ham's grandmother's Will,and various legal papers pertaining to Russell Ham's conviction and thew them into the trash...

At no time during the above incidents did Robin Sullivan write Russell Ham any confiscation papers on Russell Ham's property. When Russell Ham questioned Robin Sullivan about the disposition of his property Robin Sullivan got real belligerant.

4

## ARGUMENT

Issue Presented for Review:

Did the Court properly dismiss Appellant's suit as frivolous under Texas Civil Practice &Remedies Code § 14.003(a)(2),(b)(1)?

The 411th Judicial Court of Polk County,Texas,cause No.CIV28,800 dismissed Appellant's suit as frivolous for failure to comply with Chapter 14 of the Texas Civil Practice &Remedies Code.see below:

(a)(1) the claim is frivolous or malicious;or

(b)(1) the claims realistic chance of ultimate success is slight;

(2) the claim has no arguable lasis in law or fact;

(3)it is clear that the party cannot prove facts in support of the claim;or

(4)the claimis substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

Appellant was never granted a fact hearing before the trial court.When a trial court dismisses a suit without afact hearing ,the court could not have determined the suit had no arguable basis in law,Morris v. Collins,916 s.w.2d527(Tex.App.-Houston[1st dist.]1995).

5

Stand of Review

Adismissal is reviewed under Chapter 14 for an abuse of discretion when an inmate's suit is dismissed as frivolous for having no basis in law or fact but no fact hearing is held. The review must focus on whether the suit has an arguable basis in law Hamilton v.Pechacek,319 s.w.3d 801,807(Tex.App.-Fort Worth 2010) (quoting Scott v. Gallagher,209S.W.3d262,266(Tex.App.-Houston [1st Dist.]2006)).

When the court conducts a review under an abuse of discretion the factual allegations are taken as true in an inmate's petition, Hamilton 319 S.W.3d at 807.

Appellant's case should not have been dismissed as frivolous by the trial court for the following reasons.

When Co Sullivan threw appellant's photo album,which included irreplacable personal and family photo's along with appellant's grandmothers' will and legal papers pertaining to appellant's conviction into the trash co Sullivan was no longer under the scope of her employment but was acting under her own interest.

An employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer.Restatement (Third) of Agency.

Sullivan's act of destroying Ham's property with out turning that property into the polunsky unit property room are acts occurring within an independent course of conduct not intended by Sullivan to serve any purpose of her employer.Restatement

6

(third) of Agency §7.07(2).See also Reece v. Johnson,2013 Tex.App LEXIS 10621.

When an officer of TDCJ destroys an inmate's property that inmate has an arguable basis in Law. Presiado v. Sheffield,230 S.W.3d 272,275 (Tex.App. Beaumont 2007).

Appellant Ham has an arguable basis in Law against Sullivan therefore the trial court should not have dismissed Appellant's case as frivolous and the Court of Appeals should not has affirmed the trial court's ruling.

## PRAYER

For these reasons Appellant Ham asks this Honorable Court to reverse and remand this case back to the trial Court so that Appellant can take this case to a jury trial on the merits of whether Appellee Robin Sullivan was acting under the scope of her employment.

## CERTIFICATE OF SERVICE

I, Russell Ham, TDCJ-ID # 1104449, Prose certify that a true and correct copy of Appellant Russell Ham's Appellant RRussell Ham's motion for rehearing has been placed in the Allan B. Polunsky Unit's mailbox on December 21, 2015, postage prepaid, First Class mail addressed to the Clerk of the Court, First Court of Appeals, 301 Fannin, Houston, Texas 77002. A true and correct copy has been mailed to the following:

Briana Webb
Assistant Attorney General
P.O.Box 12548, Capital Station
Austin, Texas 78711

Russell Ham, Pro se
TDCJ-ID# 1104449

Polunsky Unit
3872 F.M. 350 South
Livingston, Texas 77351

## UNSWORN DECLARATION

My name is Russell Ham, my date of birth is 12-30-71, and my inmate identifying number is # 1104449. I am presently incarcerated in the Allan B. Polunsky Unit, Livingston, Polk County, Texas 77351. I declare under penalty of perjury that the facts stated in this document are true and correct.

Executed on December 21, 2015.

Russell Ham, Declarant

10



Court of Appeals, First District
301 Fannin Street
Houston, TX 77002-2066

RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS

DEC 28 2015

CHRISTOPHER A. PRINE
CLERK